UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC LUND individually and on behalf of other aggrieved employees of the California Highway Patrol and SUSANNAH LUND individually,<br><br>        Plaintiff,<br><br>  v.<br><br>JEFFREY DATZMAN, JOHN CARLI, JASON JOHNSON, STEVE CAREY, DAVID KELLIS, MATT LYDON, MARK FERREIRA, CHRIS LECHUGA, WARREN STANLEY, J.A. FARROW, NICK NORTON, SAMUEL DICKSON, STEVE WEST, KEVIN KNOPF, HELENA WILLIAMS, KEVIN DOMBY, DAVID VARAO, RYAN DUPLISSEY, TOM ANDRADE, JOHN BLENCOWE, ERIC BEAL, HAI LUC, WANONA IRELAND, KRISHNA ABRAMS, ILANA SHAPIRO, and DOES 1-40, individually and as public employees, VACAVILLE POLICE DEPARTMENT, CALIFORNIA HIGHWAY PATROL, SOLANO COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF VACAVILLE, COUNTY OF SOLANO, and STATE OF CALIFORNIA, as public entities,<br><br>        Defendants. | No.  2:19-cv-02287-JAM-DMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Eric Lund ("Mr. Lund") and Susannah Lund (collectively "Plaintiffs") filed a 185-page (including exhibits) Second Amended Complaint ("SAC") containing 73 causes of action against: twenty-five individually named Defendants from the Vacaville

1

Police Department, California Highway Patrol, and the Solano County District Attorney's Office; against the agencies themselves; and against the City of Vacaville, County of Solano, and State of California (Collectively "Defendants").  See SAC, ECF No. 43. Plaintiffs allege claims under 42 U.S.C. § 1983, the California Constitution, and California tort law against Defendants stemming from Mr. Lund's arrest, prosecution, and conviction of possession of child pornography.  Id.

Before the Court are three separate motions to dismiss Plaintiffs' lengthy complaint from: (1) the Vacaville Police Department, its individual defendants, and the City of Vacaville (collectively "the Vacaville Defendants"), (2) the Solano County District Attorney's Office, its individual Defendants, and the County of Solano (collectively "the Solano Defendants"), and (3) the California Highway Patrol, its individual Defendants, and the State of California (collectively "the State Defendants"). See Vacaville Mot. to Dismiss ("Vacaville Mot."), ECF No. 54; Solano Mot. to Dismiss ("Solano Mot."), ECF No. 53; State Mot. to Dismiss ("State Mot."), ECF No. 49.  Plaintiffs oppose the three motions.  See Opp'n to Vacaville's Mot. ("Vacaville Opp'n"), ECF No. 59; Opp'n to Solano' Mot. ("Solano Opp'n"), ECF No. 58; Opp'n to State' Mot ("State Opp'n"), ECF No. 57.  For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendants' motions to dismiss Plaintiffs' SAC.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 19, 2020.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the facts, as best it can, from Plaintiffs' SAC. Because the SAC is unnecessarily voluminous and mixes allegations and arguments in a confusing manner, the Court "cannot be sure [it] ha[s] correctly understood all the averments." McHenry v. Renne, 84 F.3d 1172, 1174 (9th. Cir. 1996) (finding the Plaintiffs' fifty-three page long complaint to be confusing and unfairly burdensome). If the Court has not, "[P]laintiffs have only themselves to blame." Id.

Mr. Lund worked as a California Highway Patrolman ("CHP") for 26 years. SAC ¶ 50. Shortly before he planned to retire, Mr. Lund was detained by Vacaville Police Officers after arriving for duty at the Solano Area CHP office on October 16, 2014. Id. ¶ 52. The Officers, Detective Jeffrey Datzman and Sergeant Steve Carey, searched Mr. Lund's vehicle pursuant to a search warrant. Id. ¶ 54. The officers found a bag full of technology, including a hard drive containing child pornography. Id. ¶¶ 55-56. The officers arrested Mr. Lund for possession and distribution of child pornography. Id. ¶ 58.

On November 3, 2014, Solano District Attorney Krishna Abrams charged Mr. Lund with possession of child pornography. Id. ¶ 59. Deputy District Attorneys Natasha Jontulovich and Ilana Shapiro prosecuted the case against Mr. Lund. Id. ¶ 60. The first trial, in June 2018, resulted in a hung jury, and a mistrial was declared. Id. ¶ 61. Shapiro tried the case again in October 2018 and secured a conviction for possession of child pornography. Id. ¶ 62. Mr. Lund was sentenced to five years in state prison. Id. Mr. Lund appealed his sentence but that

appeal is still pending. Id. ¶ 63. His conviction has not been invalidated in any way and he is currently serving his sentence in state prison.

Plaintiffs factual allegations all stem from the search, arrest, and prosecution of Mr. Lund's conviction. Representing herself and Mr. Lund, Mrs. Lund filed their initial complaint on November 12, 2019. ECF No. 1. The Solano County Defendants filed a motion to dismiss that complaint, ECF No. 27, but Plaintiffs filed an amended complaint before a ruling could be made on that motion, ECF No. 33. Defendants notified Plaintiffs of their intent to seek dismissal of that complaint as well, so the parties stipulated that Plaintiffs could file a SAC to try to cure any deficiencies. ECF No. 37. The SAC, ECF No. 43 is the subject of the present motions to dismiss.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Courts must dismiss a suit if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

4

Iqbal, 556 U.S. 662, 678 (2009).  "At this stage, the Court "must accept as true all of the allegations contained in a complaint."  Id.  But it need not "accept as true a legal conclusion couched as a factual allegation."  Id.  Lastly, a plaintiff suing multiple defendants "must allege the basis of his claim against each defendant" to satisfy the pleading standards.  Reyes ex. rel. Reyes v. City of Fresno, No. CV F 13-0418 LJO SKO, 2013 WL 2147023, at *4 (E.D. Cal. May 15, 2013).

### B. Judicial Notice

The State Defendants ask the Court to take judicial notice of the government claims forms Plaintiffs filed with the Department of General Services.  See Req. for Judicial Notice ("RJN"), ECF No. 65 & 69 (duplicate filing).  Plaintiffs do not oppose this request.  Since this request is unopposed and proper under Federal Rule of Evidence 201, the Court GRANTS Defendants' request.

### C. Analysis

#### 1. Section 1983 Claims

Plaintiffs assert numerous Section 1983 claims against the State, Vacaville, and Solano Defendants.  See City Opp'n, Exh. 1, ECF No. 59 (chart of all 73 claims).  Defendants all oppose these claims for the same reason—these claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).  See State Reply at 1; Vacaville Reply at 1; Solano Reply at 3.

In Heck, the Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must

1  prove that the conviction or sentence has been" reversed,
2  expunged, declared invalid, or called into question.  512 U.S.
3  at 487.  In other words, if a Plaintiff brings a claim for
4  damages based on "a conviction or sentence that has not been so
5  invalidated," the claim is not cognizable under Section 1983.
6  Id.  Therefore, when a state prisoner seeks damages in a Section
7  1983 suit, the court "must consider whether a judgment in favor
8  of the plaintiff would necessarily imply the invalidity of his
9  conviction or sentence."  Id.  If it would, the complaint must
10 be dismissed unless the plaintiff can demonstrate that the
11 conviction or sentence has already been invalidated.  Id.
12 Otherwise, the action should be allowed to proceed unless there
13 another bar to the suit.  Id.
14      It is uncontroverted that Mr. Lund's conviction has not
15 been overturned, or otherwise invalidated.  SAC ¶ 62.  But
16 Plaintiffs argue that the "intent of this lawsuit is not to
17 challenge the fact of conviction or duration of incarceration."
18 State Opp'n at 6.  And that since they are pursuing claims that
19 do not "necessarily invalidate[]" Mr. Lund's conviction, they
20 may proceed even if the facts they adduce could support a
21 reversal of his conviction.  State Opp'n at 6.  The Court
22 disagrees.
23      As each Defendant points out in its respective motion to
24 dismiss, Plaintiffs' Section 1983 claims "are based on the
25 prerequisite that [Mr. Lund] was wrongfully investigated,
26 arrested, and convicted."  State Mot. at 8; see also SAC ¶¶ 293-
27 313, 359-420.  Plaintiffs' specific allegations include that:
28 exculpatory evidence was excluded; "Warrant E" was unlawfully

6

1  obtained based on an unreliable tool; the investigation was
2  faulty; "Warrant E" was improperly executed; evidence used
3  against him in trial was unlawfully seized; search of his desk
4  and locker lacked probable cause; his arrest was unlawful
5  because the evidence was insufficient and lacked probable cause;
6  his property was wrongfully seized pursuant to the warrant and
7  wrongfully delivered to the Court; a second warrant was based on
8  improper, incorrect, or tainted information; and his home was
9  unlawfully searched.  Vacaville Mot. at 6.  All of these
10 allegations are inextricably linked to Mr. Lund's conviction and
11 necessarily imply the invalidity of that conviction.
12 Plaintiffs' argument that Defendants "do not point to a single
13 cause of action in the SAC that directly seeks to invalidate"
14 Mr. Lund's conviction, is without merit.  Vacaville Opp'n at 4.
15     Plaintiffs also attempt to argue their claims are not
16 barred because they are simply arguing there was an "unlawful
17 arrest" and not denying that new evidence could have later
18 appeared that allowed a proper conviction.  Vacaville Opp'n at
19 7.  But Plaintiffs cite no authority for that contention.
20 Instead, in their three Opposition briefs, Plaintiffs attempt to
21 argue Heck does not apply because "subsequent caselaw has
22 continued to reaffirm the narrow application of the bar."  See
23 e.g., Solano Opp'n at 12.  While they cite to cases that have in
24 fact narrowed the holding, Plaintiffs fail to demonstrate how
25 that narrowing applies to them or the specific facts of this
26 case.
27     The only Section 1983 claim the Court finds to not
28 implicate Mr. Lund's conviction is the 63rd Cause of Action

7

1  related to the Solano County District Attorney's Facebook Post.
2  See SAC 915-920.  But the rest of Plaintiffs' Section 1983
3  claims are DISMISSED WITH PREJUDICE.  See Gompper v. VISX, Inc.,
4  298 F.3d 893, 898 (9th Cir. 2002)(finding leave to amend need
5  not be granted when amendment would be futile).

      2.   State Law Causes of Action

7     Plaintiffs state law claims are also barred by Heck.  See
8  Vacaville Mot. at 7-8, see also State Mot. at 7.  While Heck is
9  a federal rule, the California Supreme Court determined the bar
10  applies to "a state tort claim arising from the same alleged
11  misconduct."  Yount v. City of Sacramento, 43 Cal. 4th 885, 902
12  (2008).

13     Plaintiffs concede that such a bar does exist against state
14  law claims.  Vacaville Opp'n at 7.  But they argue that as long
15  as Mr. Lund does not use this civil suit as "a vehicle to
16  overturn his conviction," his claims should not be barred.  Id.
17  at 9.  Moreover, they argue Defendants' cited cases are
18  distinguishable because success on the claims involved in those
19  cases necessarily invalidated an element of the state court's
20  finding, whereas here, "none of the elements of child
21  pornography possession would be negated."  Id. At 8-9.

22     Plaintiffs misconstrue the holding in Yount; it does not
23  require that an element of the offense be necessarily
24  invalidated for the bar to the apply.  Rather the court held "a
25  criminal defendant must obtain exoneration by postconviction
26  relief as a prerequisite to obtaining relief for the legal
27  malpractice that led to the conviction."  Yount, 43 Cal. 4th at
28  902.  Here, Plaintiffs challenge a whole range of alleged "legal

1  malpractice[s]" that led to his conviction.  And while the
2  California Supreme Court recognized this broad rule would
3  preclude recovery in many instances, it nevertheless found it
4  justified to promote judicial economy and to prevent "the
5  creation of two conflicting resolutions arising out of the same
6  or identical transactions."  Id.
7      As Defendants assert, Plaintiffs' 56 state law causes of
8  action against them also "necessarily imply the invalidity of
9  [Mr. Lund's] criminal conviction."  See e.g., Vacaville Mot. at
10 8.  Indeed, all of Plaintiffs' state law claims rely on the same
11 set of factual allegations as the Section 1983 claims.  See
12 e.g., SAC ¶¶ 317-319 (The Common Law Abuse of Process claim is
13 premised on the same "material statements and omissions in
14 warrant" facts alleged for the first two Section 1983 claims).
15 As explained above, these factual allegations challenge: the
16 investigative techniques and tactics used to collect evidence
17 against Mr. Lund, the scope of the investigation, the validity
18 and sufficiency of the evidence used in his conviction, the
19 validity of his arrest and detention for the charges in which he
20 was convicted, the presentation of evidence at the criminal
21 proceeding, and the transmission and communication of evidence
22 the prosecution, among other things.  See Vacaville Mot. at 8.
23     Even the claims that at first glance might not necessarily
24 invalidate Mr. Lund's conviction, are also inextricably linked
25 to the aforementioned factual allegations.  For example, the
26 causes of action stemming from the "private marital
27 communication" allegations are premised on the search of Mr.
28 Lund's phone and his cross-examination at trial on evidence

obtained from that search.  SAC ¶¶ 855-868.  All of these factual allegations therefore also directly attack the basis for Mr. Lund's conviction—regardless of Plaintiffs' intention.  Id. The only two state law claims the Court finds to not implicate Mr. Lund's conviction are the claims related to the Solano County District Attorney's Facebook Post and the claim based on CHP's alleged interference with his pension (which are further discussed below).  The rest of Plaintiffs' state law claims are DISMISSED WITH PREJUDICE.

### 3. The Solano District Attorney's Facebook Post

Plaintiffs assert claims for defamation (62nd cause of action), Section 1983 (63rd cause of action), and California Constitution violations (64th cause of action) against the Solano Defendants based on a post made by the Solano County District Attorney's Office on Facebook.  SAC ¶¶ 891-925.  Defendants seek to dismiss these claims for numerous reasons including: (1) absolute immunity, (2) qualified immunity, (3) state law immunity under California Government Code Section 821.6, and (4) litigation privilege.  See Solano Reply at 1-3.  The Court will only address the relevant immunities.

#### a. Absolute Immunity

Both state and federal prosecutors are absolutely immune from Section 1983 claims stemming from not only the handling of a case before or during trial, but also the post-trial handling of a case.  Demery v. Kupperman, 735 F.2d 1139, 1145 (9th Cir. 1984).  This protection exists because "resentful defendants [may] initiate suits irrationally or for purposes of harassment, [and] they are just as likely to ascribe unconstitutional

purposes to the prosecutor's post-trial acts before and during trial." Id.  The Court finds that Plaintiffs' Section 1983 claim, based on the Solano District Attorney's Office's post on Facebook detailing Mr. Lund's conviction, falls under the protections of a post-trial handling of a case.  Accordingly, the Defendants against whom this claim is brought are absolutely immune from this claim.  The Court therefore DISMISSES this Section 1983 claim WITH PREJUDICE.

### b.   Section 821.6

The Court finds the Solano Defendants are also immune from the state law claims (62nd and 64th causes of action) because of California Government Code Section 821.6.  Solano Reply at 2-3.

Section 821.6 provides: "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."  Cal. Gov. Code § 821.6.  Immunity under this Section is not limited to claims for malicious prosecution—"[it] extends to other causes of action arising from conduct protected under the statute, including defamation and intentional infliction of emotional distress."  Roger v. County of Riverside, 44 Cal. App. 5th 510, 527 (Jan. 29, 2020).  In determining whether such immunity applies, the Court must consider whether the allegations occurred during "part of the 'prosecution' of a judicial proceeding within the meaning of Section 821.6."  Id. Only "discretionary" prosecutorial acts are protected.  Id. at 528.  A discretionary act requires "personal deliberation, decision and judgment."  Id. (internal citations omitted).

11

Ministerial acts, on the other hand, are those "in which the officer is left no choice of his own." Id.

The Court agrees with Plaintiffs that affirmative defenses, such as those brought under Section 821.6, "may [only] be considered properly on a motion to dismiss where the allegations in the complaint suffice to establish the defense." Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013). But such allegations exist here. In Gillian v. City of San Marino, a California court found that "[prosecutorial] [a]cts undertaken in the course of investigation, including press releases reporting the progress or results of the investigation, cannot give rise to liability." 147 Cal. App. 4th 1033, 1048 (2007). Here, it is clear from the Complaint that Plaintiffs assert claims for a Facebook post—the modern equivalent of a press release—made by the prosecutors to report on "the results of [their] investigation." See SAC ¶¶ 891-911. Accordingly, the Solano Defendants are immune from the state law claims stemming from this discretionary prosecutorial act. The Court therefore DISMISSES these claims WITH PREJUDICE.

4.   Tortious Interference With Lund's Pension

Plaintiffs allege the State Defendants tortiously interfered with Mr. Lund's pension because two of the State Defendants conveyed "reckless inaccurate conclusions" that Mr. Lund was prosecuted for a crime arising from his official duties. SAC ¶¶ 1001-1011 (68th cause of action). The State Defendants seek to dismiss this claim for several reasons. See generally State Mot. However, these reasons are blanket arguments focused on dismissing all state law claims asserted

against them, rather than just this specific claim.  Therefore, many of the arguments do not apply to the tortious interference claim.

The Court does find, however, that the claim is barred by the Eleventh Amendment, as the State Defendants contend.  State Mot. 15-16.  Defendants specifically argue this bar applies to the State and to the CHP as a state agency.  State Reply at 5.  While Plaintiffs do respond to this argument in their Opposition, they do so on pages 18-20.  See State Opp'n 18-20.  As the Court noted when sanctioning Plaintiffs for violating its page limits, the Court will not consider arguments made past page 15 (the page limit).  Minute Order Issuing Sanctions, ECF No. 60.  The Court therefore considers this argument to be unopposed and DISMISSES this Claim as against the State and the CHP WITH PREJUDICE.

However, the State Defendants fail to present any specific argument in support of their motion to dismiss this claim against individual Defendants Hai Luc and Wanona Ireland.  Because the Court has no basis upon which to dismiss this claim against them, the case will proceed on this one claim as asserted only against Luc and Ireland.

### III.   ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motions to Dismiss. All Defendants and all causes of action are dismissed from this lawsuit with prejudice except for the 68th cause of action as it applies to individual Defendants Hai Luc and Wanona Ireland.  These two

individual Defendants shall file their response to the SAC within twenty days of the date of this Order.

    IT IS SO ORDERED.

Dated: June 30, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE