UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC LUND,

    Plaintiffs,

v.

JEFFREY DATZMAN, et al.,

    Defendants.

No. 2:19-cv-02287-TLN-DMC

**ORDER**

This matter is before the Court on Plaintiff Eric Lund's ("Plaintiff") three Motions to Strike.[1] (ECF Nos. 140–42.) Plaintiff moves to strike defenses and affirmative defenses from the First Amended Answers of Defendants: (1) City of Vacaville, Jeffrey Datzman, Steven Carey, Mark Ferreira, and Chris Lechuga ("City Defendants") (ECF No. 140); (2) County of Solano, Krishna Abrams, and Ilana Shapiro ("County Defendants") (ECF No. 141); and (3) Samuel Dickson, Steve West, Kevin Knopf, John Blencowe, Warren Stanley, Joseph Farrow, Nick Norton, Helena Williams, Kevin Domby, David Varao, and Ryan Duplissey ("State Defendants") (ECF No. 142) (collectively, "Defendants"). The motions are fully briefed. (ECF Nos. 140–45,

---

[1] Though Plaintiff styles the motions against City and County Defendants as Motions to Strike and Motions to Dismiss (ECF Nos. 140–141), the Court construes these to be only Motions to Strike because, as discussed below, Plaintiff's contention that City and County Defendants' answers contain counterclaims mistakenly designated as defenses is without merit.

1

147–49.)

For the reasons set forth below, the Court DENIES Plaintiff's motions in full.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Until 2014, Plaintiff worked as a sworn law enforcement employee for the California Highway Patrol ("CHP"). (ECF No. 109 at 5.) On October 16, 2014, officers from the Vacaville Police Department ("VPD") arrested Plaintiff. (*Id.*) Plaintiff was later charged for possession of child pornography and prosecuted by the Solano County District Attorney's Office. (*Id.*) On October 30, 2018, Plaintiff was convicted of that charge and sentenced to five years in prison. (*Id.*) Plaintiff fully served his sentence and is no longer in custody. (*Id.*) City Defendants Datzman, Ferreira, Lechuga, and Carey were VPD officers who performed various searches and seizures leading to Plaintiff's arrest. (*Id.* at 5–6, 8–9, 11–12, 19–20.) State Defendants Dickson, West, Knopf, Blencowe, Stanley, Farrow, Norton, Williams, Domby, Varao, and Duplissey were CHP officers who were involved in various aspects of the investigation and subsequent termination of Plaintiff from CHP employment. (*Id.* at 8–9, 13–16, 18–19, 25–28.) County Defendants Abrams and Shapiro were district attorneys who were involved in Plaintiff's criminal prosecution. (*Id.* at 20–22).

Plaintiff commenced the instant action on November 12, 2019, alleging 129 causes of action. (ECF No. 1.) Plaintiff filed the operative Third Amended Complaint ("TAC") on November 7, 2022, alleging 22 claims related to Plaintiff's arrest and conviction. (ECF No. 109.) Defendants moved to dismiss the TAC on various grounds. (ECF Nos. 114, 117, 118.) The Court granted in part and denied in part the motions to dismiss and gave Plaintiff leave to file an amended complaint. (ECF No. 130.) Plaintiff did not file an amended complaint, and the case proceeded on the remaining claims in the TAC. Defendants filed their operative answers on December 30, 2024. (ECF Nos. 136–138.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that

1    must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-*
2    *Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) motions to strike,
3    however, are "generally regarded with disfavor because of the limited importance of pleading in
4    federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of*
5    *Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion
6    to strike lies within the sound discretion of the district court." *Id.*  Unless it would prejudice the
7    opposing party, courts freely grant leave to amend stricken pleadings.  *Wyshak v. City Nat'l Bank*,
8    607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

9        This Court has previously found that the heightened pleading standard set forth in *Bell*
10   *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does
11   not apply to affirmative defenses asserted in a defendant's answer.  *Dodson v. Gold Country*
12   *Foods, Inc.*, No. 2:13-cv-0336-TLN-DAD, 2013 WL 5970410 (E.D. Cal. Nov. 4, 2013).  Instead,
13   as the Ninth Circuit confirmed in *Wyshak*, "[t]he key to determining the sufficiency of pleading
14   an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d
15   at 827.  Under the fair notice standard, a defendant is only required to "state the nature and
16   grounds for the affirmative defense" rather than plead a detailed statement of the facts upon
17   which the defense is based.  *Kohler v. Islands Rests., LP* ("*Kohler I*"), 280 F.R.D. 560, 564 (S.D.
18   Cal. 2012).  A pleading is only required to describe each defense in "general terms" if it gives the
19   plaintiff fair notice of the nature of the defense.  *Kohler v. Flava Enters., Inc.* ("*Kohler II*"), 779
20   F.3d 1016, 1019 (9th Cir. 2015).  For well-established defenses, merely naming them may be
21   sufficient.  *See Ganley v. Cnty. of San Mateo*, No. 06-cv-3923-TEH, 2007 WL 902551, at *2
22   (N.D. Cal. Mar. 22, 2007).  "[A]n affirmative defense is legally insufficient only if it clearly lacks
23   merit 'under any set of facts the defendant might allege.'"  *Kohler I*, 280 F.R.D. at 564 (quotation
24   omitted).

25       "If a court is in doubt as to whether the challenged matter may raise an issue of fact or
26   law, the motion to strike should be denied, leaving the assessment of the sufficiency of the
27   allegations for adjudication on the merits after proper development of the factual nature of the
28   claims through discovery."  *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL

7188234, at *2 (E.D. Cal. Nov. 16, 2015) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010)). "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995), *aff'd sub nom. S.E.C. v. First Pac. Bancorp*, 142 F.3d 1186 (9th Cir. 1998).

### III. ANALYSIS

Plaintiff moves to strike all, except one, of Defendants' combined six defenses and seventy-two affirmative defenses.[2] Because the same arguments apply to all three motions, the Court considers them together unless otherwise noted.

Plaintiff primarily relies on the same three grounds as the basis for which to strike Defendants' defenses and affirmative defenses: (1) redundant; (2) insufficient pleading; and (3) insufficient defense. (*See generally* ECF Nos. 140–142.) Plaintiff also raises arguments about immateriality, negative defenses, counterclaims mistakenly designated as defenses, reservation of defenses, and prejudice. The Court begins by addressing Plaintiff's three primary arguments, followed by discussion of the remaining issues.

#### A. Redundant

Plaintiff argues the majority of Defendants' defenses and affirmative defenses should be stricken because they are either "redundant of denials made elsewhere in the pleading" generally or are redundant of other specific defenses. (*See*, *e.g.*, ECF No. 140-1 at 9 (City); ECF No. 141-1 at 13–14 (County); ECF No. 142-1 at 11 (State).) Defendants respond by explaining that their defenses and affirmative defenses are not redundant, and Plaintiff's assertion of redundancy does not warrant striking them from Defendants' answers. (ECF No. 143 at 10–11 (State); ECF No. 144 at 5 (City); ECF No. 145 at 9–10 (County).)

"Redundant" matter is that which "consists of allegations that constitute a needless repetition of other averments." *Sagan v. Apple Comput., Inc.*, 874 F. Supp. 1072, 1079 (C.D. Cal.

---

[2] Plaintiff does not move to strike State Defendants' eleventh affirmative defense. Additionally, the Court notes County Defendants' Amended Answer does not contain a twenty-fourth affirmative defense.

4

1994) (citation omitted). Having reviewed the defenses and affirmative defenses that Plaintiff seeks to strike on this basis, the Court finds they are not redundant within the meaning of Rule 12(f). Accordingly, Defendants' defenses and affirmative defenses will not be stricken for the reason of redundancy.

### B. Insufficient Pleading

Plaintiff argues Defendants' defenses and affirmative defenses should be stricken because they are insufficiently pled. (*See*, *e.g.*, ECF No. 140-1 at 9 (City); ECF No. 141-1 at 10 (County); ECF No. 142-1 at 8–9 (State).) In support of this argument for each defense and affirmative defense, Plaintiff states that "[w]hile Plaintiff acknowledges that he has been given notice of the *nature* of the defense and acknowledges he is not entitled to a detailed statement of facts, he has clearly not been given fair notice of the *grounds* of the defense." (ECF No. 142-1 at 8 (emphasis in original).) Plaintiff follows this recitation with questions presumably unanswered by the defenses and affirmative defenses as written. (*See*, *e.g.*, ECF No. 140-1 at 10–11 ("What did City Defendants observe Plaintiff doing that could legally 'provoke' an unreasonable search or the failure to give notice of a government seizure? . . . What collateral source recovery do City Defendants believe Plaintiff has received? . . . How were City Defendants damaged by Plaintiff to justify a request for a set-off?") In opposition, Defendants argue Plaintiff has been provided fair notice for each defense and affirmative defense. (ECF No. 143 at 7–8 (State); ECF No. 144 at 8–13 (City); ECF No. 145 at 11–14 (County).)

"[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Kohler II*, 779 F.3d at 1019. The Court has reviewed the pleadings and finds Defendants have provided fair notice of the nature and grounds of their defenses and affirmative defenses. Defendants are not required to give a detailed statement of facts, and it is clear from the type of information Plaintiff contends is missing that what he demands is more than what federal pleadings standards require. Accordingly, Defendants' defenses and affirmative defenses will not be stricken for the reason of being insufficiently pled.

//

//

5

### C. Insufficient Defense

Plaintiff argues Defendants' affirmative defenses should be stricken as insufficient defenses. (*See*, *e.g.*, ECF No. 140-1 at 11 (City); ECF No. 141-1 at 10 (County); ECF No. 142-1 at 9 (State).) In opposition, Defendants argue their affirmative defenses are directly relevant to the facts and law in this case and supported by factual allegations. (ECF No. 143 at 8–9 (State); ECF No. 144 at 8–13 (City); ECF No. 145 at 11–18 (County).)

"[A]n affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." *Kohler I*, 280 F.R.D. at 564. The Court has reviewed the pleadings and agrees with Defendants that their affirmative defenses are proper and related to the facts at issue in this case. The Court notes that for several affirmative defenses, Plaintiff's arguments about their legal sufficiency are based on conjecture about what the evidence will uncover and what theories will be advanced. For example, the parties' arguments on the *Rooker-Feldman* and *Heck* doctrines (*see* ECF No. 142-1 at 17–18; *cf.* ECF No. 143 at 9) and the assumption of the risk defense (*see* ECF No. 140-1 at 11; *cf.* ECF No. 144 at 8) highlight how the viability of many defenses will depend on facts that are currently in dispute. While it is certainly possible that after discovery, the evidence will be such that a particular defense is no longer available, the Court is unable to make this determination at the pleading stage. Accordingly, Defendants' affirmative defenses will not be stricken for the reason of legal insufficiency.[3]

### D. Additional Arguments

In addition to Plaintiff's three main arguments, Plaintiff argues some affirmative defenses are immaterial or are negative defenses or counterclaims mistakenly designated as defenses. Plaintiff also challenges County Defendants' reservation of defenses and contends Plaintiff has made a showing of prejudice. The Court considers each additional argument in turn.

//

---

[3] State Defendants concede that the reference to the Ralph Act, Cal. Civ. Code § 51.7 in their first affirmative defense was included inadvertently and offer to strike it from their answer. (ECF No. 143 at 8.) If State Defendants seek to amend their answer at a later point in this case, State Defendants should remove the reference to the Ralph Act. However, in its discretion, the Court finds Defendants' concession makes striking the reference unnecessary at this time.

                             *i.*      *Immaterial*

Plaintiff claims some of County and State Defendants' affirmative defenses contain immaterial matter. (*See*, *e.g.*, ECF No. 141-1 at 10 (County); ECF No. 142-1 at 13 (State).) County and State Defendants do not appear to challenge this characterization. (*See generally* ECF No. 143 (State); ECF No. 144 at 8 (County).)

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted) (*overruled on other grounds*, 510 U.S. 517 (1994)). At this juncture, the Court is not convinced the matter identified by Plaintiff has no important relationship to the claims in this case. The Court, in its discretion, does not find the matter identified warrants being stricken. If County and State Defendants seek to amend their answers at a later date, Defendants are warned to review their pleadings closely and remove any matter they agree is immaterial.

                            *ii.*      *Negative Defenses and Counterclaims Mistakenly Designated as Defenses*

Plaintiff claims some of County and State Defendants' affirmative defenses are instead negative defenses that should be dismissed for failing to state a claim. (*See*, *e.g.*, ECF No. 141-1 at 10 (County); ECF No. 142-1 at 12 (State).) County and State Defendants contest this characterization and the Court agrees. (ECF No. 143 at 9 (State); ECF No. 145 at 10 (County).) Even if these were in fact negative defenses mislabeled as affirmative defenses, "simple mislabeling on [Defendants'] part is not grounds for striking" the defenses. *Kohler I*, 280 F.R.D. at 567. "Where a Defendant pleads a negative defense as an affirmative defense, courts should 'treat it as a specific denial'" and not strike the language. *Sundby v. Marquee Funding Grp., Inc.*, No. 19-cv-0390-GPC-AHG, 2019 WL 5963907, at *3 (S.D. Cal. Nov. 13, 2019) (quoting *Sesto v. Slaine*, 171 F. Supp. 3d 194, 206 (S.D.N.Y. 2016).

Plaintiff also argues that City Defendants improperly assert a counterclaim for "all reasonable expenses" (ECF No. 140-1 at 10) and County Defendants do the same for all "necessary and reasonable defense costs" (ECF No. 141-1 at 20). The Court has reviewed the

7

pleadings and is not convinced Plaintiff's characterization is correct. The references to costs and expenses appear within an adequately pleaded defense and affirmative defense. (ECF No. 137 at 25 (City Defendants' fourth defense); ECF No. 138 at 40 (County Defendants' twenty-fifth affirmative defense).) It does not appear City and County Defendants are presently seeking costs and expenses against Plaintiff by way of these references. The Court will not strike or dismiss on this basis.

### iii.   Reservation of Defenses

Plaintiff seeks to strike County Defendants' reservation of defenses because it is not an affirmative defense. (ECF No. 141-1 at 24–25.) County Defendants agree they do not plead reservation of defenses as an affirmative defense and explain that they include the reservation to state what County Defendants are entitled to as a matter of course. (ECF No. 145 at 14–15.)

While courts have stricken a reservation of defenses where it was pleaded as an affirmative defense, because County Defendants do not, such action is unnecessary here. *See*, *e.g.*, *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010); *Polk v. Legal Recovery Law Offices*, 291 F.R.D. 485, 493 (S.D. Cal. 2013). County Defendants were not required to expressly reserve the right to add affirmative defenses at a later time under Rule 15, however their decision to do so is not prejudicial. *See Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 630 (E.D. Cal. 2014) (declining to strike the reservation of defenses because Plaintiff failed to show they would be prejudiced by the request). The Court thus declines to strike County Defendants' reservation of defenses.

### iv.   Prejudice

Finally, though not required by Rule 12(f), Plaintiff argues that he is prejudiced because if Defendants are allowed to proceed on their defenses and affirmative defenses, "Plaintiff will be forced to waste time and resources during discovery[.]" (ECF No. 142-1 at 19.) Defendants disagree and instead explain that "[Plaintiff] has plead numerous claims and sued many defendants which will, in and of itself, require extensive discovery." (ECF No. 143 at 11 (State); *see also* ECF No. 144 at 13 (City); ECF No. 145 at 15 (County).) The Court is not persuaded that the volume of discovery in this case creates an undue burden on Plaintiff so as to necessitate

8

granting Plaintiff's motion to strike Defendants' defenses and affirmative defenses.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike City Defendants (ECF No. 140), County Defendants (ECF NO. 141), and State Defendants' (ECF No. 142) First Amended Answers are DENIED.

IT IS SO ORDERED.

DATE: September 30, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE