1   Susannah M. Lund (SBN #250665)
    Law Office of Susannah M. Lund
2   702 Mangrove Ave #320
3   Chico, CA 95926
    Telephone: (530) 864-2869
4   susannah@mailfence.com

5   Attorney for Plaintiff Eric Lund

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11                                          Case No.  2:19-cv-02287-TLN-DMC

12  ERIC LUND,                              **PARTIES' JOINT REQUEST FOR**
                                            **CLARIFICATION OF THE PRETRIAL**
13                          Plaintiff,      **SCHEDULING ORDER (Fed. R Civ. P. 60(a));**
                                            **JOINT STIPULATION TO MODIFY THE**
14  v.                                      **PRETRIAL SCHEDULING ORDER (Fed. R.**
                                            **Civ. P. 16(b))**
15
    JEFFREY DATZMAN, *et al.*,
16                                          Judge:        Honorable Troy L. Nunley
                            Defendants.     Trial Date:   None Set
17                                          Action Filed: November 12, 2019

18

19

20

21

22                              **<u>INTRODUCTION</u>**

23          Plaintiff Eric Lund ("Plaintiff") and defendants Samuel Dickson, Steve West, Kevin

24  Knopf, John Blencowe, Joseph Farrow, Nick Norton, Helena Williams, Kevin Domby, David

25  Varao, Ryan Duplissey, and Warren Stanley (collectively "State Defendants"), County of Solano,

26  Krishna Abrams, and Ilana Shapiro (collectively "County Defendants"), City of Vacaville, Jeffrey

27  Datzman, Steven Carey, Mark Ferreira, and Chris Lechuga (collectively "City Defendants")

28

                                            1
    PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P.
    60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

1  hereby seek respectfully request clarification of this Court's Pretrial Scheduling Order (ECF 139).

2  Further, all parties hereby stipulate to modify the Pretrial Scheduling Order by adding additional

3  language to aid efficient and economical management of this matter.

4  **<u>PROCEDURAL HISTORY</u>**

5  Plaintiff initiated the above-entitled action on November 12, 2019 (ECF 1). The parties

6  filed their joint Federal Rule of Civil Procedure 26(f) report (ECF 46) on February 4, 2020,

7  wherein all defendants sought to delay all disclosure and discovery until twenty-eight (28) days

8  after the pleadings were "settled" and "closed." (ECF 46 at 4:19–22.) Plaintiff was amenable to

9  this delay, provided evidence was preserved. (*Id.* at 5:3–20.) Plaintiff filed his Third Amended

10  Complaint (ECF 109) on November 7, 2022.

11  After resolution of motions to dismiss the Third Amended Complaint, State Defendants

12  and County Defendants filed their Answers (ECF 131 and 132, respectively) on November 12,

13  2024, with City Defendants filing their Answer (ECF 133) on November 13, 2024. Thereafter,

14  counsel for all parties met and conferred about the deficiencies Plaintiff perceived with those

15  Answers. On December 4, 2024, this Court granted the parties' joint request for defendants to file

16  amended answers. (ECF 135.) All defendants filed their Amended Answers on December 30,

17  2024 (ECF 136–138). Thereafter—simultaneous to another conference amongst counsel about

18  whether there were lingering deficiencies with all defendants' Amended Answers—this Court

19  issued its Pretrial Scheduling Order on January 8, 2025. (ECF 139.) This Pretrial Scheduling

20  Order states "The deadline for completing discovery is not triggered until the last answer is filed,

21  or from the date of removal, whichever is later." (*Id.* at 1).

22  After an unsuccessful conference amongst counsel, Plaintiff filed motions to partially

23  strike each of the three Amended Answers on January 21, 2025. (ECF 140–142.) All defendants

24  opposed the motions on February 4, 2025 (ECF 143–145), with State Defendants requesting leave

25  to amend (ECF 143 at 11:19–23), and County Defendants requesting the same (ECF 145 at

26  12:24–25, *id.* at 15:10–24). Within his February 13, 2025 replies on the motions (ECF 147–149),

27  Plaintiff expressed his non-opposition to State Defendants and County Defendants being granted

28  leave to amend their answers again (ECF 147 at 8:12–16 and ECF 149 at 11:9–13, respectively).

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P. 60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

1  On September 30, 2025, the district court entirely denied Plaintiff's motions to strike the three

2  Amended Answers. (ECF 151.)

3  ## JOINT REQUEST FOR CLARIFICATION and JOINT STIPULATION TO MODIFY

4  ## THE PRETRIAL SCHEDULING ORDER

5  Given this procedural history, the parties share a concern that there is ambiguity on

6  whether the discovery deadline was already triggered. Accordingly, with the proposed order

7  below, all parties jointly seek clarification/confirmation from the Court under Federal Rule of

8  Civil Procedure 60(a) of the appropriate discovery deadline. Alternatively, if the Court's intent

9  has been misinterpreted, all parties, by and through their counsel, jointly move to modify the

10  Pretrial Scheduling Order under Federal Rule of Civil Procedure 16(b) as set out below.

11  The ambiguity that stems from the procedural history of this case, in light of the language

12  of the Pretrial Scheduling Order, establishes good cause to extend the triggering date for the

13  discovery deadline until after the pleadings are settled. Further good cause exists because

14  proceeding with certain discovery before the scope of defenses is clarified would be costly and

15  judicially inefficient, *e.g.*, depositions may need to be retaken, requests to exceed the maximum

16  number of interrogatories may need to be made, etc. Additionally, the Notes of Advisory

17  Committee on Rules – 1983 Amendment for Federal Rule of Civil Procedure 16 state that "the

18  court may modify the schedule on a showing of good cause if it cannot reasonably be met despite

19  the diligence of the party seeking the extension." Here, because the pleadings were not settled,

20  discovery could not be "completed" given that the term is currently defined by the Pretrial

21  Scheduling Order as meaning:

22  > "all discovery shall have been conducted so that all depositions have
23  > been taken and any disputes relative to discovery shall have been
     > resolved by appropriate order if necessary and, where discovery has
24  > been ordered, the order has been obeyed" (ECF 139 at 1).

25

26  Accordingly, the parties jointly stipulate and request an order that the Pretrial Scheduling

27  Order be modified to include the following language:

28

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P. 60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

1.   Not later than **October 28, 2025**, all parties shall make Federal Rule of Civil Procedure 26(a) initial disclosures.

2.   Not later than **October 28, 2025,** and without awaiting a formal request for production, all parties shall electronically produce to all other parties the documents they disclosed under Federal Rule of Civil Procedure 26(a). All parties agree to waive hard copy production of any document that is served in digital format (*e.g.* .pdf, .jpg, .wma, etc.) provided the items are Bates-stamped and sending-counsel receives confirmation from receiving-counsel that transmittal of all enumerated items was successful.

3.   Thereafter, all fact discovery shall be completed no later **June 30, 2026**.

4.   By **November 11, 2025**, counsel for the parties shall discuss settlement options for this matter, including a discussion about whether a mediation can be scheduled.

5.   All the other deadlines and orders that are provided in the district court's pretrial scheduling order will be unmodified.

///

///

///

///

///

///

///

///

///

///

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P. 60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

Respectfully Submitted,

DATED: October 6, 2025          LAW OFFICE OF SUSANNAH M. LUND

                                By:
                                Susannah M. Lund
                                *Attorney for Plaintiff Eric Lund*

DATED: October 6, 2025          CALIFORNIA OFFICE OF ATTORNEY
                                GENERAL

                                By: /s/ Christopher D. Beatty
                                Christopher D. Beatty,
                                Supervising Deputy Attorney General
                                *Attorney for Defendants Samuel Dickson, Steve*
                                *West, Kevin Knopf, John Blencowe, Joseph*
                                *Farrow, Nick Norton, Helena Williams, Kevin*
                                *Domby, David Varao, Ryan Duplissey, and*
                                *Warren Stanley*

DATED: October 6, 2025          HAWKINS PARNELL & YOUNG, LLP

                                By: /s/ Danielle K. Lewis
                                Danielle K. Lewis
                                *Attorney for Defendants County of Solano,*
                                *Krishna Abrams, and Ilana Shapiro*

DATED: October 6, 2025          BETRAND, FOX, ELLIOT, OSMAN, &
                                WENZEL

                                By: /s/ Richard W. Osman
                                Richard W. Osman
                                Sheila D. Crawford
                                *Attorneys for Defendants City of Vacaville, Jeffrey*
                                *Datzman, Steven Carey, Mark Ferreira, and Chris*
                                *Lechuga*

///

///

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P.
60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

## ATTORNEY ATTESTATION

I hereby attest that I have been authorized by the named defendants' counsel to show their conformed signature as "/s/" on this document.

DATED: October 6, 2025                    By: _____

                                          Susannah M. Lund


**IT IS SO ORDERED.**

DATED:  October 6, 2025                   _____

                                          Troy L. Nunley

                                          Chief United States District Judge

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P. 60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))

PARTIES' JOINT REQUEST FOR CLARIFICATION OF THE PRETRIAL SCHEDULING ORDER (Fed. R Civ. P. 60(a)); JOINT STIPULATION TO MODIFY THE PRETRIAL SCHEDULING ORDER (Fed. R. Civ. P. 16(b))