1 | ROB BONTA
Attorney General of California
2 | FIEL D. TIGNO
Supervising Deputy Attorney General
3 | CHRISTOPHER D. BEATTY
Supervising Deputy Attorney General
4 | State Bar No. 250040
   1515 Clay Street, 20th Floor
5 | P.O. Box 70550
   Oakland, CA  94612-0550
6 | Telephone:  (510) 879-0009
   Fax:  (510) 622-2270
7 | E-mail:  vincent.cheng@doj.ca.gov
*Attorneys for Samuel Dickson, Steve West, Kevin*
8 | *Knopf, John Blencowe, Joseph Farrow, Nick Norton,*
*Helena Williams, Kevin Domby, David Varao, Ryan*
9 | *Duplissey and Warren Stanley*

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE EASTERN DISTRICT OF CALIFORNIA

12 |

13 |

**ERIC LUND,**

Plaintiff,

v.

**JEFFREY DATZMAN, et al.,**

Defendant.

2:19-cv-02287-TLN-DMC

**STIPULATED PROTECTIVE ORDER**

Courtroom: 2, 15th Floor
Judge: Hon. Troy L. Nunley
Trial Date: Not set
Action Filed: November 13, 2019

### INTRODUCTION & GOOD CAUSE STATEMENT

The Parties hereby stipulate to the following protective order. The Parties have met and conferred and agree to comply with and to be bound by all of the terms of this stipulate protective order.

This action is likely to involve confidential, private, or statutorily protected information including (1) investigative reports protected by California Government Code § 7923.600; (2) police officer personnel records protected by California Government Code § 832.7; (3) financial information protected by the California Financial Information Privacy Act; and (4) medical information protected by the California Confidentiality of Medical Information Act, (5)

1

information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Locals set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER (2:19-cv-02287-TLN-DMC)

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3

2.13  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit

4

1    any such designation to specific material that qualifies under the appropriate standards. The

2    Designating Party must designate for protection only those parts of material, documents, items, or

3    oral or written communications that qualify – so that other portions of the material, documents,

4    items, or communications for which protection is not warranted are not swept unjustifiably within

5    the ambit of this Order.

6    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be

7    clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

8    encumber or retard the case development process or to impose unnecessary expenses and burdens

9    on other parties) expose the Designating Party to sanctions.

10    If it comes to a Designating Party's attention that information or items that it designated for

11    protection do not qualify for protection, that Designating Party must promptly notify all other

12    Parties that it is withdrawing the mistaken designation.

13    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g.,

14    second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

15    Discovery Material that qualifies for protection under this Order must be clearly so designated

16    before the material is disclosed or produced.

17    Designation in conformity with this Order requires:

18    (a) for information in documentary form (e.g., paper or electronic documents, but excluding

19    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

20    legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or

21    portions of the material on a page qualifies for protection, the Producing Party also must clearly

22    identify the protected portion(s) (e.g., by making appropriate markings in the margins).

23    A Party or Non-Party that makes original documents or materials available for inspection need

24    not designate them for protection until after the inspecting Party has indicated which material it

25    would like copied and produced. During the inspection and before the designation, all of the

26    material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting

27    Party has identified the documents, it wants copied and produced, the Producing Party must

28    determine which documents, or portions thereof, qualify for protection under this Order. Then,

1  before producing the specified documents, the Producing Party must affix the

2  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

3  portions of the material on a page qualifies for protection, the Producing Party also must clearly

4  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

5  (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

6  Party identify on the record, before the close of the deposition, hearing, or other proceeding, all

7  protected testimony.

8  (c) for information produced in some form other than documentary and for any other tangible

9  items, that the Producing Party affix in a prominent place on the exterior of the container or

10  containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

11  portion or portions of the information or item warrant protection, the Producing Party, to the

12  extent practicable, shall identify the protected portion(s).

13  5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

14  qualified information or items does not, standing alone, waive the Designating Party's right to

15  secure protection under this Order for such material. Upon timely correction of a designation, the

16  Receiving Party must make reasonable efforts to assure that the material is treated in accordance

17  with the provisions of this Order.

18         6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

19  6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

20  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

21  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

22  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

23  challenge a confidentiality designation by electing not to mount a challenge promptly after the

24  original designation is disclosed.

25  6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

26  providing written notice of each designation it is challenging and describing the basis for each

27  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

28  recite that the challenge to confidentiality is being made in accordance with this specific

1    paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

2    faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

3    communication are not sufficient) within 14 days of the date of service of notice. In conferring,

4    the Challenging Party must explain the basis for its belief that the confidentiality designation was

5    not proper and must give the Designating Party an opportunity to review the designated material,

6    to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

7    for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

8    process only if it has engaged in this meet and confer process first or establishes that the

9    Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10   6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

11   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local

12   Rules within 21 days of the initial notice of challenge or within 14 days of the parties agreeing

13   that the meet and confer process will not resolve their dispute, whichever is earlier. Each such

14   motion must be accompanied by a competent declaration affirming that the movant has complied

15   with the meet and confer requirements imposed in the preceding paragraph. Failure by the

16   Designating Party to make such a motion including the required declaration within 21 days (or 14

17   days, if applicable) shall automatically waive the confidentiality designation for each challenged

18   designation. In addition, the Challenging Party may file a motion challenging a confidentiality

19   designation at any time if there is good cause for doing so, including a challenge to the

20   designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

21   provision must be accompanied by a competent declaration affirming that the movant has

22   complied with the meet and confer requirements imposed by the preceding paragraph.

23   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

24   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

25   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

26   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

27   file a motion to retain confidentiality as described above, all parties shall continue to afford the

28

STIPULATED PROTECTIVE ORDER (2:19-cv-02287-TLN-DMC)

1  material in question the level of protection to which it is entitled under the Producing Party's

2  designation until the court rules on the challenge.

3          7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4  7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

5  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

6  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

7  the categories of persons and under the conditions described in this Order. When the litigation has

8  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

9  DISPOSITION).

10  Protected Material must be stored and maintained by a Receiving Party at a location and in a

11  secure manner that ensures that access is limited to the persons authorized under this Order.

12  7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

13  court or permitted in writing by the Designating Party, a Receiving Party may disclose any

14  information or item designated "CONFIDENTIAL" only to:

15  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

16  Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

17  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

18  attached hereto as Exhibit A;

19  (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

20  whom disclosure is reasonably necessary for this litigation and who have signed the

21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22  (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

23  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be

24  Bound" (Exhibit A);

25  (d) the court and its personnel;

26  (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

2    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

3    otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

4    deposition testimony or exhibits to depositions that reveal Protected Material must be separately

5    bound by the court reporter and may not be disclosed to anyone except as permitted under this

6    Stipulated Protective Order.

7    (g) the author or recipient of a document containing the information or a custodian or other

8    person who otherwise possessed or knew the information.

9    8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10    LITIGATION

11    If a Party is served with a subpoena or a court order issued in other litigation that compels

12    disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

13    must:

14    (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the

15    subpoena or court order;

16    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

17    litigation that some or all of the material covered by the subpoena or order is subject to this

18    Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

19    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

20    Party whose Protected Material may be affected.

21    If the Designating Party timely seeks a protective order, the Party served with the subpoena or

22    court order shall not produce any information designated in this action as "CONFIDENTIAL"

23    before a determination by the court from which the subpoena or order issued, unless the Party has

24    obtained the Designating Party's permission. The Designating Party shall bear the burden and

25    expense of seeking protection in that court of its confidential material – and nothing in these

26    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

27    disobey a lawful directive from another court.

28

STIPULATED PROTECTIVE ORDER (2:19-cv-02287-TLN-DMC)

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

1  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

2  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

3  Be Bound" that is attached hereto as Exhibit A.

4  11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

5  MATERIAL

6  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

7  material is subject to a claim of privilege or other protection, the obligations of the Receiving

8  Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not

9  intended to modify whatever procedure may be established in an e-discovery order that provides

10  for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and

11  (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

12  information covered by the attorney-client privilege or work product protection, the parties may

13  incorporate their agreement in the stipulated protective order submitted to the court.

14      12.   MISCELLANEOUS

15  12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

16  modification by the court in the future.

17  12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no

18  Party waives any right it otherwise would have to object to disclosing or producing any

19  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

20  Party waives any right to object on any ground to use in evidence of any of the material covered

21  by this Protective Order.

22  12.3  Filing Protected Material. Without written permission from the Designating Party or a court

23  order secured after appropriate notice to all interested persons, a Party may not file in the public

24  record in this action any Protected Material. A Party that seeks to file under seal any Protected

25  Material must comply with Civil Local Rules. Protected Material may only be filed under seal

26  pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

27      ///

28      ///

1

2        13.    FINAL DISPOSITION

3    Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

4    Party must return all Protected Material to the Producing Party or destroy such material. As used

5    in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

6    summaries, and any other format reproducing or capturing any of the Protected Material. Whether

7    the Protected Material is returned or destroyed, the Receiving Party must submit a written

8    certification to the Producing Party (and, if not the same person or entity, to the Designating

9    Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

10   Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

11   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

12   of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

13   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

14   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

15   and consultant and expert work product, even if such materials contain Protected Material. Any

16   such archival copies that contain or constitute Protected Material remain subject to this Protective

17   Order as set forth in Section 4 (DURATION).

18   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19

20   DATED: October 28, 2025              CALIFORNIA OFFICE OF ATTORNEY
                                          GENERAL
21
                                          By: /s/ Christopher Beatty
22                                        Christopher D. Beatty
                                          Supervising Deputy Attorney General
23                                        *Attorney for Defendants Samuel Dickson, Steve*
                                          *West, Kevin Knopf, John Blencowe, Joseph*
24                                        *Farrow, Nick Norton, Helena Williams, Kevin*
                                          *Domby, David Varao, Ryan Duplissey, and*
25                                        *Warren Stanley*

26

27

28

STIPULATED PROTECTIVE ORDER (2:19-cv-02287-TLN-DMC)

DATED: October 28, 2025        HAWKINS PARNELL & YOUNG, LLP

By: _/s/ Danielle K. Lewis
Danielle K. Lewis
*Attorney for Defendants County of Solano, Krishna Abrams, and Ilana Shapiro*

DATED: October 28, 2025        BETRAND, FOX, ELLIOT, OSMAN, & WENZEL

By: /s/ Richard W. Osman
Richard W. Osman
Sheila D. Crawford
*Attorneys for Defendants City of Vacaville, Jeffrey Datzman, Steven Carey, Mark Ferreira, and Chris Lechuga*

DATED: October 28, 2025        LAW OFFICE OF SUSANNAH M. LUND

By: /s/ Susannah M. Lund
Susannah M. Lund
*Attorney for Plaintiff*

## ATTORNEY ATTESTATION

I hereby attest that I have been authorized by the named defendants' counsel to show their conformed signature as "/s/" on this document.

DATED: October 28, 2025        By: /s/ Christopher D. Beatty
Christopher D. Beatty

OK2023900299
91725123.docx

13

1

2

### ORDER

The parties having stipulated thereto and good cause appearing, IT IS HEREBY

ORDERED that this Stipulated Protective Oder be entered as an Order of this Court.

**IT IS SO ORDERED.**

DATED: OCTOBER 31, 2025

_____

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Eastern District of California on _____

[date] in the case of *Lund v. Datzman, et al.*, Case No. 2:19-cv-02287-TLN-DMC (E.D. Cal.). I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Eastern District of California for the

purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action. I hereby appoint _____

[print or type full name] of _____

[print or type full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

    Signature: _____

STIPULATED PROTECTIVE ORDER (2:19-cv-02287-TLN-DMC)